IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

DUMMUZI DUHANEY

_____

_____

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-against-

KINEXION INC., HEAD INJURY ASSOCIATION INC.,
WALTER W. STOCKTON, BARBARA J. SENZEL,
KRISTIN FITZGERALD

_____

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**Complaint for Employment Discrimination**

Case No. **CV 24 8144**

*(to be filled in by the Clerk's Office)*

AZRACK, J.

Jury Trial: ☑ Yes ☐ No
*(check one)*

DUNST, M.J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC - 2 2024 ★

LONG ISLAND OFFICE

RECEIVED
DEC - 2 2024
EDNY PRO SE OFFICE

REC'D IN PRO SE OFFICE
DEC 2 '24 ~11:05

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | DUMMUZI DUHANEY |
| Street Address | 368 Rowlinson Drive |
| City and County | Shirley, Suffolk |
| State and Zip Code | New York 11967 |
| Telephone Number | 631-379-7444 |
| E-mail Address | moses.duhaney@yahoo.com |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known).  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | KINEXION INC. |
| Job or Title (if known) | a New York State incorporated company |
| Street Address | 221 North Sunrise Service Road |
| City and County | Manorville, Suffolk |
| State and Zip Code | New York 11949 |
| Telephone Number | 631-878-8900 |
| E-mail Address (if known) | unknown                         website: kinexion.org |

Defendant No. 2

| | |
|---|---|
| Name | HEAD INJURY ASSOCIATION INC. |
| Job or Title (if known) | a New York State incorporated company and affiliate of Defendant 1 |
| Street Address | 300 Kennedy Drive |
| City and County | Hauppauge, Suffolk |

| State and Zip Code | New York 11788 |
| Telephone Number | 631-543-2245 |
| E-mail Address (if known) | unknown        website: headinjuryassoc.org |

See Page 3A for Defendant 3, Defendant 4 and Defendant 5

**C.    Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is:

| Name | HEAD INJURY ASSOCIATION INC. |
| Street Address | 300 Kennedy Drive |
| City and County | Hauppaugue, Suffolk |
| State and Zip Code | New York 11788 |
| Telephone Number | 631-543-2245 |

**II.    Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:



Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

3

**Page 3 A**

**Defendant 3**

| | |
|---|---|
| Name: | **WALTER R. STOCKTON** |
| | President & CEO - Kinexion Inc. |
| | President & CEO - Head Injury Association Inc. |
| Street Address: | (Kinexion) 221 North Sunrise Service Road |
| | Manorville, Suffolk |
| | New York 11949 |
| Tel. | 631-878-8900 |
| E-mail Address: | unknown        website: kinexion.org |
| Street Address: | (Head Injury Association Inc.) 300 Kennedy Drive |
| | Hauppauge, Suffolk |
| | New York 11788 |
| Tel. | 631-543-2245 |
| E-mail Address: | unknown        website: headinjuryassoc.org |

**Defendant 4**

| | |
|---|---|
| Name: | **BARBARA J. SENZEL** |
| | Executive Director - Head Injury Association Inc. |
| Street Address: | 300 Kennedy Drive |
| | Hauppauge, Suffolk |
| | New York 11788 |
| Tel. | 631-543-2245 |
| E-mail Address: | unknown        website: headinjuryassoc.org |

**Defendant 5**

| | |
|---|---|
| Name: | **KRISTIN FITZGERALD** |
| | Day Habitation Director - Head Injury Association Inc. |
| Street Address: | 300 Kennedy Drive |
| | Hauppauge, Suffolk |
| | New York 11788 |
| Tel. | 631-543-2245 |
| E-mail Address: | unknown        website: headinjuryassoc.org |

☐    Other federal law *(specify the federal law)*:

_____

☐    Relevant state law *(specify, if known)*:

_____

☐    Relevant city or county law *(specify, if known)*:

_____

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐    Failure to hire me.

☒    Termination of my employment.

☐    Failure to promote me.

☐    Failure to accommodate my disability.

☒    Unequal terms and conditions of my employment.

☐    Retaliation.

☐    Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s) ongoing throughout employment from March 17, 2020 through to termination on or about July 17, 2021 _____

4

C.    I believe that defendant(s) *(check one)*:

☐    is/are still committing these acts against me.

☒    is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☐    race _____

☐    color_____

☒    gender/sex  identify as non-binary_____

☐    religion _____

☐    national origin _____

☐    age.  My year of birth is _____.  *(Give your year of birth only if you are asserting a claim of age discrimination.)*

☐    disability or perceived disability *(specify disability)* _____

E.    The facts of my case are as follows.  Attach additional pages if needed.

See pages 5A through 5C_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*  See Attachment 1

5A

1. I am black; I identify as non-binary;

2. I belong to a protected class under Title VII;

3. I applied for the position of Day Program Specialist to work for Defendant Head Injury Association Inc, through Indeed.com, on or about March 6, 2020;

4. I was interviewed for the position of Day Program Specialist by Defendant Head Injury Association Inc. on or about March 8, 2020;

5. I was hired and started work in the position as Day Program Specialist by Defendant Head Injury Association Inc. on or about March 17, 2020;

6. Head Injury Association Inc. has as its President and CEO, Defendant Walter R. Stockton;

7. Head Injury Association Inc. has as its Executive Director, Defendant Barbara J. Senzel;

8. Head Injury Association is an affiliate company of Defendant, Kinexion Inc.;

9. Kinexion Inc. has as its President and CEO, Defendant Walter R. Stockton;

10. In my position as Day Program Specialist, my supervisor was Defendant, Kristin Fitzgerald, the Day Habitation Director;

11. In my position as Day Program Specialist, I was assigned to a "classroom" with 4 or 5 "clients"(individuals who each suffered from disabilities that required individual attention).

12. Over the course of my work as Day Program Specialist, I raised concerns of staffing levels, safety, amongst other issues, to my supervisor;

5 B

13. One client, male, in particular, had an ongoing issue - trouble with behaving inappropriately, generally, masturbating in front of others, specifically; he was aroused by females;

14. Whenever I was alone with this specific client, he became sexually aggressive with me and attempting to assault me, by force, to perform sexual acts on him;

15. I noticed that female staff were uncomfortable with this male client;

16. I also noticed that female staff were not assigned to work with him;

17. In April and May of 2021, I had written multiple Antecedent-Behavior-Consequence ("ABC") reports recording unacceptable behavior and submitted them to management;

18. I expressed to management regularly that I did not feel comfortable or safe in the same classroom alone while these behaviors occurred;

19. My concerns went unheeded; nothing changed;

20. On or about June 14, 2021, an incident occurred within the classroom of the masturbatory client that required the assistance of (outside) paramedics, another client had been choking on a sandwich;

21. The client who exhibited inappropriate behavior was openly masturbating in front of the paramedics, Kristin Fitzgerald, the other clients and me;

22. He was removed from the classroom by Kristin Fitzgerald;

23. After the paramedics had left the classroom, I was called to the office of Kristin Fitzgerald;

5 C

24. In her office I informed her again of the inappropriate client masturbating regularly;

25. Kristin Fitzgerald informed me that I had done the right thing by reporting a choking

    hazard, but that she was not going to file a report on the inappropriate client;

26. I was then put on administrative leave pending an investigation into my client who had

    been choking;

27. A report was filed against me by Defendant Head Injury Association Inc to the New

    York State Justice Center for the Protection of People with Special Needs;

28. I was discharged from employment by Defendant Heading Injury Association Inc on

    or about July 17, 2021.

**IV.    Exhaustion of Federal Administrative Remedies**

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

04/19/2023

B.    The Equal Employment Opportunity Commission *(check one)*:

☐    has not issued a Notice of Right to Sue letter.

☒    issued a Notice of Right to Sue letter, which I received on *(date)*
09/24/2024

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*
See Attachment 2

C.    Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐    60 days or more have elapsed.

☐    less than 60 days have elapsed.

**V.    Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

See Pages 6A and 6B

6

6 A

1. <u>Back Wages</u>: **$98,845.75** for the period of time from June 14, 2021, to November 27, 2024. This duration amounts to approximately 3 years and 5 months, (or approximately) 179 weeks. At the time of termination, regular work schedule was 35 hours per week at an hourly rate of $15.75, resulting in weekly earnings of $551.25.

2. <u>Front Pay</u>: **$18,787.50** for the period of time from the termination of employment on June 14, 2021, new employment was secured in February 2022 (approximately) 34 weeks.

3. <u>Emotional Distress</u>: **$150,000.00** for significant emotional turmoil due to wrongful termination, ongoing legal battles, and financial stress. Comprising elements of: sexual harassment by a client; psychological trauma from wrongful termination and employer conduct; day-to-day financial strain; inability to pay summer school bill; lack of tuition reimbursement from previous job; extended unemployment and stress related to fighting for benefits.   .

4. <u>Consequential Damages</u>: **$5,000.00** due to financial harm as a result of employer's actions, including a drop in credit score to the 550-600 range, which has led to higher interest rates on loans and credit cards.

5. <u>Punitive Damages</u>: **$500,000.00**; given the severity of the employer's conduct and to hold them accountable for their actions.

6. <u>Non-Monetary Damages</u>: a court order that the company rescind the inaccurate report submitted to the Justice Center, as the administrative law judge determined it did not constitute misconduct or neglect.

6 B

### _Grand Total:_

| | |
|---|---|
| - Back Wages: | $ 98,845.75 |
| - Front Pay: | $ 18,787.50 |
| - Emotional Distress: | $150,000.00 |
| - Consequential Damages: | $   5,000.00 |
| - Punitive Damages: | $500,000.00 |

================================

----------------------------- >    **$772,633.25**

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my
knowledge, information, and belief that this complaint: (1) is not being presented for an
improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the
cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for
extending, modifying, or reversing existing law; (3) the factual contentions have
evidentiary support or, if specifically so identified, will likely have evidentiary support
after a reasonable opportunity for further investigation or discovery; and (4) the
complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-
related papers may be served.  I understand that my failure to keep a current
address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: November 30th, 2024

Signature of Plaintiff

Printed Name of Plaintiff    DUMMUZI DUHANEY

7



**Division of
Human Rights**

**KATHY HOCHUL**
Governor

**MARIA L. IMPERIAL**
Commissioner

Attachment 1

April 26, 2023

Dummuzi Duhaney
368 Rowlinson Drive
Shirley, NY 11967

      Re:    Dummuzi Duhaney v. Head Injury Association Inc.
              Case No. 10224882

Dear Dummuzi Duhaney:

      Please be advised that this office has received your complaint. Your filing date is 4/19/2023.

      A copy of your complaint, and the determination, will be sent to the U.S. Equal Employment Opportunity Commission (EEOC), so that your complaint may be dual-filed under applicable federal law. Your EEOC charge number is 16GC303201.

      To protect your rights, it is essential that the Division be notified promptly of any change in your address or telephone number. A form is enclosed for this purpose.

      **Use of email by the Division:** The Division uses email, whenever possible, to communicate with the parties to complaints. This avoids delays and lost mail, and increases the efficiency of Division case processing. Therefore, **you are required to provide your email address** if you have not already done so, and to keep us advised of any change of email address. You can provide your email address by emailing us at InfoLongIsland@dhr.ny.gov and referencing your case number.

      You will be contacted by the Human Rights Specialist assigned to your case when the active investigation of your complaint begins. In the meantime, if you have any questions please call our office at (516) 539-6848, or contact us via e-mail to InfoLongIsland@dhr.ny.gov.

                    Very truly yours,

                    Froebel Chungata
                    Regional Director

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

NEW YORK STATE DIVISION OF
HUMAN RIGHTS on the Complaint of

DUMMUZI DUHANEY,

Complainant,

v.

HEAD INJURY ASSOCIATION INC.,

Respondent.

**COMPLAINT**
Pursuant to Executive Law,
Article 15

Case No.
**10224882**

Federal Charge No. 16GC303201

I, Dummuzi Duhaney, residing at 368 Rowlinson Drive, Shirley, NY, 11967, charge the above named respondent, whose address is 300 Kennedy Drive, Hauppauge, NY, 11788-4013 with an unlawful discriminatory practice relating to employment in violation of Article 15 of the Executive Law of the State of New York (Human Rights Law) because of gender identity or expression, sex.

Date most recent or continuing discrimination took place is 6/14/2021.

The allegations are:

See Attached Complaint




## New York State Division of Human Rights
### Employment Complaint Form

Although workers, interns and volunteers of all ages are protected, you must be 18 years or older to file a complaint. A parent, guardian or other person having legal authority to act in the minor's interests must file on behalf of a person under age of 18.

| 1. Your contact information: | | |
|---|---|---|
| First Name DUMMUZI | HAUPPAUGE REGIONAL OFFICE | Middle Initial/Name |
| Last Name DUHANEY | | |
| Street Address/ PO Box 368 Rowlinson Drive | | Apt or Floor #: |
| City Shirley | State NY | Zip Code 11967 |
| If you are filing on behalf of another, provide the name of that person: | Date of birth: | Relationship: |

**2. Regulated Areas: Check the area where the discrimination occurred:**

(If you wish to file against multiple entities, for example employer and temp agency, please file a separate complaint against each.)

- ☑ Employment *(including paid internship)*
- ☐ Internship *(unpaid)*
- ☐ Contract Work *(independent contractor, or work for a contractor)*
- ☐ Volunteer Position
- ☐ by a Labor Organization
- ☐ Apprentice Training
- ☐ by a Temp or Employment Agency
- ☐ Licensing

**3. You are filing a complaint against:**

Employer, Worksite, Agency or Union Name

Head Injury Association Inc.

Street Address/ PO Box

300 Kennedy Drive

| City Hauppauge | State NY | Zip Code 11788-4013 |
|---|---|---|

Telephone Number:
631-543-2245

In what *county or borough* did the violation take place?
SUFFOLK

Individual people who discriminated against you:

| Name: | Title: |
|---|---|
| Name: Kristin Fitzgerald | Title: Dayhabilation Director |

If you need more space, please list them on a separate piece of paper.

**4. Date of alleged discrimination *(must be within one year of filing):***

The most recent act of discrimination happened on:

| 06 | | 2021 |
|---|---|---|
| month | day | year |

**5. For employment and internships, how many employees does this company have?**

- ☐ 1-14
- ☐ 15-19
- ☑ 20 or more
- ☐ Don't know

**6. Are you currently working for this company?**

| ☐ Yes.  Date of hire: | 03 | 17 | 2020 | What is your position? |
| | month | day | year | |
| ☒ No.  Last day of work: | 07 | 17 | 2021 | What was your position? |
| | month | day | year | **Day Program Specialist** |
| ☐ I was never hired. Date of application: | | | | What position did you apply for? |
| | month | day | year | |

**7. Basis of alleged discrimination:**

Check *ONLY* the boxes that you believe were the reasons for discrimination, and fill in specifics only for those reasons. Please look at page 2 of "Instructions" for an explanation of each type of discrimination.

| ☐ **Age:** Date of Birth: _____ | ☐ **Familial Status:** |
| ☐ **Arrest Record** | ☐ **Military Status:** ☐ Active Duty   ☐ Reserves   ☐ Veteran |
| ☐ **Conviction Record** | ☐ **Marital Status** ☒ Single   ☐ Married   ☐ Separated ☐ Divorced   ☐ Widowed |
| ☐ **Creed/ Religion:** Please specify: _____ | ☐ **National Origin:** Please specify: _____ |
| ☐ **Disability:** Please specify: _____ | ☐ **Predisposing Genetic Characteristic:** |
| ☐ **Domestic Violence Victim Status** | ☐ **Pregnancy-Related Condition:** Please specify: _____ |
| ☒ **Gender Identity or Expression, including the Status of Being Transgender** | ☐ **Sexual Orientation:** Please specify: _____ |
| ☐ **Race/Color or Ethnicity:** Please specify: _____ ☐ Trait historically associated with race such as hair texture or hairstyle | ☒ **Sex:** Please specify: non-binary Specify if the discrimination involved: ☐ Pregnancy      ☑ Sexual Harassment |
| ☐ **Use of Guide Dog, Hearing Dog, or Service Dog** | |

If you believe you were treated differently after you filed or helped someone file a discrimination complaint, participated as a witness to a discrimination complaint, or opposed or reported discrimination due to any category above, check below:

☐ **Retaliation:** How did you oppose discrimination: _____

If you believe you were discriminated against because of your relationship or association with a member or members of a protected category listed above, indicate the relevant category(ies) above, and check below.

☐ **Relationship or association**

**8. Acts of alleged discrimination:** *What did the person/company you are complaining against do? Check all that apply*

| | | | |
|---|---|---|---|
| ☐ Refused to hire me | ☐ Gave me a disciplinary notice or negative performance review | ☐ Denied my request for an accommodation for my disability, or pregnancy-related condition | ☒ Sexual harassment |
| ☒ Fired me/laid me off | ☐ Suspended me | ☐ Denied me an accommodation for domestic violence | ☒ Harassed or intimidated me on any basis indicated above |
| ☐ Demoted me | ☐ Did not call back after lay-off | ☐ Denied me an accommodation for my religious practices | ☐ Denied services or treated differently by a temp or employment agency |
| ☐ Denied me promotion/ pay raise | ☐ Paid me a lower salary than other co-workers doing the same job | ☐ Denied me leave time or other benefits | ☐ Denied a license by a licensing agency |
| ☐ Denied me training | ☒ Gave me different or worse job duties than other workers doing the same job | ☐ Discriminatory advertisement or inquiry or job application | ☐ Other: |

**9. Description of alleged discrimination**

*Tell us more about each act of discrimination that you experienced. Please include dates, names of people involved, and explain why you think it was discriminatory. TYPE OR PRINT CLEARLY.*

see attached

*If you need more space to write, please continue writing on a separate sheet of paper and attach it to the complaint form.  DO NOT WRITE IN THE MARGINS OR ON THE BACK OF THIS FORM.*

### Signature (Declaration or Oath)

Based on the information contained in this form, I charge the herein named respondent(s) with an unlawful discriminatory practice, in violation of the New York State Human Rights Law.

By filing this complaint, I understand that I am also filing my employment complaint with the United States Equal Employment Opportunity Commission under the Americans With Disabilities Act (covers disability related to employment), Title VII of the Civil Rights Act of 1964, as amended (covers race, color, religion, national origin, sex relating to employment), and/or the Age Discrimination in Employment Act, as amended (covers ages 40 years of age or older in employment). This complaint will protect my rights under federal law.

I hereby authorize the New York State Division of Human Rights to accept this complaint on behalf of the U.S. Equal Employment Opportunity Commission, subject to the statutory limitations contained in the aforementioned law.

I have not filed any other civil action, nor do I have an action pending before any administrative agency, under any state or local law, based upon this same unlawful discriminatory practice. (If you have another action pending and still wish to file, please contact our office to discuss.)
**PLEASE INITIAL** _DD_

Human Rights Law § 297.1 requires that a complaint filed with the Division of Human Rights must be "under oath or by declaration." **You must complete either the "declaration" or "oath" sections below.** The declaration requires only your signature and does not need to be notarized. The oath requires that you sign it before a notary.

---

**DECLARATION**

I affirm this _____ day of _____ (mo~~n~~_____ (yea_____ (city), _____ (state), under penalties of perjury, that I am the comp~~lainant herein~~ ~~t~~ I have read (or had read to me) the foregoing complaint and know the content thereof; that the ~~sa~~me is ~~true~~ of my own knowledge except as to the matters therein stated on information and belief; and that a~~s to those~~ ~~tho~~se matters, I believe the same to be true.

_____
~~[~~Complainant **name**]

**OATH**

STATE OF NEW YORK    )
                              ) SS:
COUNTY OF SUffolK )

_Dimmuzi Dhaney_, being duly sworn, deposes and says: that I am the complainant herein; that I have read (or had read to me) the foregoing complaint and knows the content thereof; that the same is true of my own knowledge except as to the matters therein stated on information and belief; and that as to those matters, I believes the same to be true.

_D. Rhylen_
Complainant signature

Subscribed and sworn to
before me this 13 day
of April , 2023

_K. Howard_
Signature of Notary Public

Kristin A. Howard
Notary Public, State of New York
No. 01HO6152314, Suffolk County
Commission Expires Sept. 5, 2026

*Please note: Once this form is completed and returned to the New York State Division of Human Rights, it becomes a legal document and an official complaint with the Division.*

5
Complaint

**AFFIDAVIT of Dummuzi "Moses" Duhaney**

STATE OF NEW YORK         )
                          )         *ss.*
COUNTY OF SUFFOLK         )

I, Dummuzi "Moses" Duhaney, being duly sworn, deposes and states as follows under penalty of perjury:

1. My name is Dummuzi "Moses" Duhaney.
2. My current address of residence is 368 Rowlinson Drive, Shirley, NY 11967.
3. The purpose of this Affidavit is to explain how I was discriminated and sexually harassed because of my sexual identity.
4. I applied to this job at Head Injury Association on Indeed, the online job-search engine on March 6, 2020.
5. There were no health certificates or licenses required or any prior experience.
6. I just needed to have a license and a HS diploma; I had both of them.
7. The on-site interview process, on March 8th, 2020, was very quick and easy. In fact, there were multiple other candidates filling out paperwork as I did.
8. I explained to the interviewers that I had never worked in the traumatic brain injury rehabilitation field before. However, they told me they could train me.
9. The on-boarding process lasted a week and went by fast.
10. The following week, March 17th 2020, I started my position .
11. After passing the background/drug test, they gave me a "paid training" for a week from March 13 to March 17th, 2020,  along with an employee manual.
12. I started working on March 17,2020.
13. My first reaction was that the work atmosphere was very similar to being back in high school.
14. What I mean by that is management was very "clickey" with the workers similar as to teachers toward specific students.
15. They had their "favorites."
16. Management's attitude was eager for me to become an employee in the beginning. But as time passed (2 months) and I started to voice my concerns to management they became dismissive. My concerns were ignored by management with regards to my classroom being understaffed by others like me.
17. I felt dejected.
18. Concerns that I brought to management  a week prior to June 14th concluded that the classroom that I worked alone with 4 to 5 ("clients") each suffered from different disabilities that required individual attention which could not be provided by one person. This was a cause for concern because one person such as myself is unable to attend to each client's needs all at once. The clients were in potential danger giving that there was a lack of staff (unsafe /under staff work environment).
19. One client in particular had trouble with behaving appropriately.
20. This tended to be an ongoing issue, inappropriately masturbating in front of everyone.

1

_____ initials

21. Female staff was so uncomfortable with him that management did not allow them to work with him for safety reasons.

22. I was treated differently, I was often assigned more combative patients simply because my superiors assumed I have a masculine identity.

23. I am black. I identify as nonbinary.

24. Reports were given during the months of April and May. (I don't have a specific dates because the reports were given to the behavioral specialist the same day.) However, I had written multiple Antecedent-Behavior-Consequence (ABC) reports which record unacceptable behavior. (The reports are a description that explains what happens prior to the incident and after to the behavioral specialist and alerted management that I did not feel comfortable or safe with being in the classroom alone while these behaviors were happening.)

25. Management did not do anything. I wrote a report at least 3 times on the same client that had inappropriate behavior. Management brought in the behavioral specialist at times to de-escalate the situation. However, when they were not there and I was alone as per usual, it was a reoccurring pattern. This was the month of May 2021.

26. I felt threatened by this behavior.

27. These behaviors started to become a disturbance and major concern of mine. Not only was it taking away time / productivity with regards to the activities and daily goals each client had to accomplish, but these behaviors became a disturbance because I was one person working understaffed. I had to step aside to call management and behavioral specialists when I could be helping each client with the recreational activities they are required to do each day. (Such activities included word puzzles, proper hygiene, and more daily functions specific to each person's care plan.)

28. On several days including  June 14th the day of the incident. (It's in my statement to the unemployment – See Attachment "A") . suggested they have another staff in there to help attend to each client's needs however they ignored my suggestions, until one day the inevitable happened.

29. On 6/14/2021 Kristin Fitzgerald, the Dayhabitation director, witnessed the client displaying inappropriate behavior in the classroom while I was explaining how another client choked to the paramedics that were called to the dayhab.

30. She took the client out of the room that was displaying inappropriate  behavior because the paramedics were speaking to me.

31. After the paramedics left, and I continued feeding the rest of clients, Kristen Fitzgerald called me to her office, and I told her what the client with inappropriate behavior was doing and it's  happened multiple times.

32. She did not file a report; in fact she told me I did the right thing to report a choking hazard with someone we support.

33. My complaint in regards to constantly working with the client displaying inappropriate behavior to me was ignored.

34. Instead she told me I will be put on administrative leave and investigation.

35. Several times in the month of May 2021 I had alerted management with regards to one specific client's deviant behavior as other female staffers had done previously.

DD initials

36. They ignored my gender identity and required me to attend to a client that was harassing me, harassing female staff along with gay men.
37. This made properly supervising 4 clients at once untenable, but I was told I had to do it.
38. Due to management ignoring my gender identity, I was forced to continue working in an uncomfortable and unsafe environment being sexually harassed between April to June of 2021.
39. When I was left alone with him, he became sexually aggressive attempting to force me to perform sexual acts.
40. Along with reporting false information to the Justice Center on June 14 ,2021 and the Department of Labor which included giving the Justice Center a false address of somewhere I've never lived before, and trying to persuade the Department of Labor that I was discharged for misconduct but in the end I did what I had to do and that what I did was correct. (See Attachment "A")
41. I feel like I was retaliated against, by being wrongfully accused and then fired because of my constant informing management about the sexual harassment and they were looking for a way to get rid of me.
42. If the constant fear of being sexually harassed and assaulted due to my sexual identity was not present all the time which management did nothing to resolve, I would still be working there.
43. I was discriminated against because of my sexuality and sexual identity by the Employer, felt scared and when I brought the concerns about it to management, there were no steps taken by them to fix it; I was ignored.

I hereby swear or affirm that the information above is true, accurate and complete to the best of my knowledge, and that no relevant information has been omitted.

_____
Dummuzi "Moses" Duhaney

Sworn and Subscribed to before me this

____13____ day of __April__ 20_23_

Kristin A. Howard
Notary Public, State of New York
No. 01HO6152314, Suffolk County
Commission Expires Sept. 5, 2026

_____
Notary Public



**STATE OF NEW YORK**
**UNEMPLOYMENT INSURANCE APPEAL BOARD**
PO Box 15126
Albany NY 12212-5126
(518) 402-0205
FAX:(518) 402-6208

**ATTACHMENT "A"**

TRACIE L. COVEY
EXECUTIVE DIRECTOR
JAYSON S. MYERS
CHIEF ADMINISTRATIVE LAW JUDGE
CHRISTOPHER M. TATE
JUSTIN DENTON
MARK SOKOLOWSKI
PRINCIPAL ADMINISTRATIVE LAW JUDGE

GERALDINE A. REILLY
CHAIRMAN
MICHAEL T. GREASON
RANDALL T. DOUGLAS
JUNE P. O'NEILL
MARLYN P. O'MARA
MEMBERS

*DECISION OF THE BOARD*
*DECISIÓN DE LA JUNTA*

---

IN THE MATTER OF:

Mailed and Filed: **May 12, 2022**

Appeal Board No. **620372**

DUMMUZI DUHANEY
83 3RD AVE
BAY SHORE NY 11706-6620

C. JAMES ROBERT VON SCHOLZ
BIRCH HILL CHAMBERS
115 FOREST AVENUE, UNIT 61
LOCUST VALLEY NY 11560-

HEAD INJURY ASSOCIATION INC
300 KENNEDY DR
HAUPPAUGE NY 11788-4013

JASPAN SCHLESINGER LLP 300
GARDEN CITY PLAZA GARDEN
CITY NY 11530

A.S.O. - Appeals Section
Department of Labor Office: 801

A.L.J. Case No. 021-47201

PLEASE TAKE NOTICE that the commissioner, or any other party affected by this decision who appeared before the Appeal Board, may appeal questions of law involved in such decision to the Appellate Division of the Supreme Court, Third Department, by written notice mailed to the Unemployment Insurance Appeal Board, PO Box 15126, Albany, New York 12212-5126 within THIRTY DAYS from the date this decision was mailed.

POR FAVOR TOME NOTA que el comisionado o cualquier otra parte afectada por esta decision que haya comparecido ante la Junta de Apelaciones puede apelar aspectos legales de dicha decision a Appellate Division of the Supreme Court, Third Department, enviando un aviso escrito a Unemployment Insurance Appeal Board, PO Box 15126, Albany, New York 12212-5126 dentro de los TREINTA DIAS a partir de la fecha en que esta decision fue enviada por correo.

DOCUMENTO IMPORTANTE. PUEDE OBTENER UNA TRADUCCIÓN DEL MISMO LLAMANDO
AL 1-888-209-8124 (FUERA DEL ESTADO DE NUEVA YORK 1-877-358-5306)

PRESENT: MICHAEL T. GREASON, MEMBER

The Department of Labor issued the initial determination disqualifying the claimant from receiving benefits, effective June 15, 2021, on the basis that the claimant lost employment through misconduct in connection with that employment and holding that the wages paid to the claimant by HEAD INJURY ASSOCIATION INC prior to June 15, 2021 cannot be used toward the establishment of a claim for benefits. The claimant requested a hearing.

The Administrative Law Judge held a telephone conference hearing at which all parties were accorded a full opportunity to be heard and at which testimony was taken. There were appearances by the claimant and on behalf of the employer. By decision filed December 24, 2021 (A.L.J. Case No. 021-47201), the Administrative Law Judge sustained the initial determination.

The claimant appealed the Judge's decision to the Appeal Board. The Board considered the arguments contained in the written statements submitted on behalf of the claimant and the employer.

AB 2 (10/06)



Based on the record and testimony in this case, the Board makes the following

FINDINGS OF FACT: The claimant was employed for over two years by the employer not-for-profit organization that assists individuals with traumatic brain injuries, developmental disabilities, and age-related mental disabilities. At the time of his separation from employment, the claimant worked as a day program specialist in the employer's day habilitation program. The claimant's job duties included working with the individuals assigned to him, helping them break inappropriate behaviors, and helping them achieve goals set forth in their charts.

On June 14, 2021, the claimant was assigned to care for four individuals in a classroom in the day habilitation program. Among his responsibilities was assisting them with eating food prepared and provided by the residential program. One of the individuals assigned to the claimant had a care plan that required his food to be cut in small pieces to avoid choking. The claimant was aware of the individual's food protocol. Prior to June 14, 2021, this individual had come to the day habilitation program with cooked food, cut into small pieces, according to his care plan. However, on June 14, 2021, the individual arrived at the program with an uncut, thick sandwich.

The claimant was aware that the food provided for this individual was not appropriate according to his care plan, and decided to get a plastic knife to cut the sandwich provided into small pieces. The claimant placed the sandwich in the middle of the large table where the client was seated by himself, and walked over to the cupboard area a few feet away to find a knife. While he was doing that, another of the four individuals in his care began to exhibit inappropriate touching behavior, so the claimant attempted to address that conduct. While doing so, he noticed that the first client, who was in a wheelchair and had limited mobility, had grabbed the sandwich in the middle of the table, and was choking. The claimant immediately went to the individual's aid, and performed a maneuver to dislodge the food and remedy the choking situation.

The claimant notified management and the nurse on duty, spoke to emergency technicians who arrived, and continued to feed other clients. Shortly thereafter, the manager advised the claimant that he was being placed on administrative leave. The claimant was discharged on July 16, 2021 following the employer's investigation, because the employer concluded that the claimant knew that the particular client had a food protocol that required his food to be cut to avoid choking, yet the claimant left uncut food within the client's reach, and a choking incident occurred. The claimant had no prior warnings for similar conduct.

OPINION:  The evidence establishes that the employer discharged the claimant on July 16, 2021, following its investigation into the June 14, 2021 incident, because the employer concluded that the claimant neglected an individual in his care.  We are not convinced, however, that the claimant's actions given the circumstances of June 14, 2021, amounted to misconduct under the Labor Law.

The employer has not provided a witness with firsthand information or knowledge to testify about the incident on June 14; nor have they produced anyone with experience in the day habilitation program to testify. The only firsthand testimony in the record is that of the claimant, and his testimony is both credible and consistent. According to that testimony, when the individual who was required to have his food cut into small pieces arrived at the program on June 14, his lunch had not been prepared according to his care plan, and was completely different from the food usually provided for this individual. Since the claimant was aware of the client's care plan, he attempted to rectify the situation by walking a few feet away to get a plastic knife to cut up the food provided for the client.

We do not concur with the conclusion that the claimant's actions were reckless. The claimant was one person charged with the care of four individuals with disabilities. His action of briefly stepping away from one of these individuals to be able to provide him with food that met his care plan, while remaining in the same room and just feet away, was reasonable and necessary under the circumstances presented to him on that day. Also reasonable was the claimant's conduct of moving the uncut sandwich to the middle of the large table, where he rationally believed it could not be reached by the client, who had limited mobility, particularly in his upper body,



and who had never exhibited an ability to reach and grab in this manner. We find that the employer has not established—or even alleged—a different course of action that the claimant could or should have followed in the situation presented. Thus, the record fails to establish that the claimant disregarded or ignored established protocol. Rather, he was attempting to follow the care plan of an individual he was assigned to assist.

While the Board has held that the degree of care expected of a claimant in performing his job is commensurate with the potential for harm, we are not persuaded that the claimant herein was neglectful or that he failed to exercise proper care in the performance of his job duties. Not only did he recognize the need for this particular client to have his food properly prepared and presented, but he immediately went to the aid of the individual who was choking, and rectified that situation. Accordingly, we find that the claimant's conduct on June 14, 2021 does not amount to misconduct for unemployment insurance purposes, and we conclude that the claimant was separated from employment under nondisqualifying circumstances.

DECISION: The decision of the Administrative Law Judge is reversed.

The initial determination, disqualifying the claimant from receiving benefits, effective June 15, 2021, on the basis that the claimant lost employment through misconduct in connection with that employment and holding that the wages paid to the claimant by HEAD INJURY ASSOCIATION INC prior to June 15, 2021 cannot be used toward the establishment of a claim for benefits, is overruled.

The claimant is allowed benefits with respect to the issues decided herein.

MICHAEL T. GREASON, MEMBER

WW1:AY

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

New York District Office
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## <u>DETERMINATION AND NOTICE OF RIGHTS</u>    Attachment 2
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/04/2024

**To:** Dummuzi Duhaney
368 Rowlinson Drive
Shirley, NY 11967
Charge No: 16G-2023-03201

EEOC Representative and email:    HERNAN MORALES
State, Local & Tribal Program Manager
hernan.morales@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Yaw Gyebi, Jr.
09/04/2024
Yaw Gyebi, Jr.
District Director

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 16G-2023-03201 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Yaw Gyebi, Jr., 33 Whitehall St 5th Floor, New York, NY 10004.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 16G-2023-03201 to the District Director at Yaw Gyebi, Jr., 33 Whitehall St 5th Floor, New York, NY 10004.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

**RECEIVED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  DEC 0 2 2024 ★

LONG ISLAND OFFICE





DUM##21##
(631) 375-7444
THE UPS STORE #6061
UNIT 32
999 MONTAUK HWY
SHIRLEY  NY 11967-2155

SHP WT: LTR
DATE: 30 NOV 2024

SHIP ATTN  PRO SE OFFICE
TO: US DISTRICT COURT EDNY
   100 FEDERAL PLZ

CENTRAL ISLIP  NY 11722-4438

NY 117 0-01

UPS EARLY                    1+
TRACKING #: 1Z 8R8 73E A0 8692 8102

BILLING: P/P
ADULT SIGNATURE REQUIRED - MIN 21

REF #2: TN

MMZGZKEZHU93W ISH 13.00F ZZP 450 46.5V 11/2024

SEE NOTICE ON REVERSE regarding UPS Terms, and notice of limitation of liability. Where allowed by law, shipper authorizes UPS to act as forwarding agent for export control and customs purposes. If exported from the US, shipper certifies that the commodities, technology or software were exported from the US in accordance with the Export Administration Regulations. Diversion contrary to law is prohibited.    KRD # 1024

RECEIVED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  DEC 0 1 2024  ★

LONG ISLAND OFFICE



**Visit theupsstore.com** to find a location near you.

**Domestic Shipments**

To qualify for the Letter rate, UPS Express Envelopes may only contain correspondence, urgent documents, and/or electronic media, and must weigh 8 oz. or less. UPS Express Envelopes containing items other than those listed or weighing more than 8 oz. will be billed by weight.

**International Shipments**

The UPS Express Envelope may be used only for documents of no commercial value. Certain countries consider electronic media as documents. Visit ups.com/importexport to verify if your shipment is classified as a document.

To qualify for the Letter rate, the UPS Express Envelope must weigh 8 oz. or less. UPS Express Envelopes weighing more than 8 oz. will be billed by weight.

**Note:** Express Envelopes are not recommended for shipments of electronic media containing sensitive personal information or breakable items. Do not send cash or cash equivalent.

International Shipping Notice – Carriage hereunder may be subject to the rules relating to liability and other terms and/or conditions established by the Convention for the Unification of Certain Rules Relating to International Carriage by Air (the "Warsaw Convention") and/or the Convention on the Contract for the International Carriage of Goods by Road (the "CMR Convention"). These commodities, technology or software were exported from the U.S. in accordance with the Export Administration Regulations. Diversion contrary to U.S. law is prohibited.

Serving you for more than 100 years
United Parcel Service.

**Apply shipping documents on this side.**

Do not use this envelope for:

**UPS Ground**®
**UPS Standard**®
**UPS 3 Day Select**®
**UPS Worldwide Expedited**®

Visit **theupsstore.com** to learn more about our Print & Business Services.

