**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
DUMMUZI DUHANEY,

                                 Plaintiff,                    **MEMORANDUM AND ORDER**

    v.

                                                2:24-CV-08144 (LGD)
KINEXION, INC., HEAD INJURY
ASSOCIATION, INC., WALTER W.
STOCKTON, BARBARA J. SENZEL,

                             Defendants
-----------------------------------------------------------X

**LEE G. DUNST, Magistrate Judge:**

      Defendants Kinexion, Inc. ("Kinexion"), Head Injury Association, Inc. ("HIA"), Walter

W. Stockton, and Barbara J. Senzel (the latter two jointly, "Individual Defendants," and all

together, "Defendants") filed a Motion to Dismiss (the "Motion" or "Mot.") Plaintiff Dummuzi

Duhaney's ("Plaintiff") Amended Complaint (Electronic Case Filing ("ECF") No. 4) pursuant to

Federal Rule of Civil Procedure 12(b)(6).  *See* ECF No. 25.  In the Amended Complaint, *pro se*

Plaintiff brings two claims: (1) discrimination under Title VII of the Civil Rights Act of 1964

("Title VII"), and (2) discrimination and retaliation under New York State Human Rights Law

("NYSHRL").  Because Plaintiff is a *pro se* litigant, the Court construes Plaintiff's submissions

broadly in deciding this motion, and it interprets them to raise the strongest arguments

suggested.  *See Weixel v. Bd. of Educ. of the City of N.Y.,* 287 F.3d 138, 145-46 (2d Cir. 2002).

Nonetheless, for the following reasons, the Court holds that Plaintiff's Amended Complaint be

dismissed in its entirety without leave to amend.

I.    **BACKGROUND**

A.    **Factual Background[1]**

Plaintiff – a non-binary and Black individual[2] – alleges that they began employment as a Day Program Specialist at HIA on or about March 17, 2020. *See* ECF No. 4 at 7 ¶ 5. HIA is an affiliate of Kinexion. *See id.* at 7 ¶ 8. Defendant Stockton is the president and chief executive officer of HIA and Kinexion, and Defendant Senzel is HIA's executive director.  *See* ECF *id.* at 7 ¶¶ 6-7.

As a Day Program Specialist at HIA, Plaintiff alleges that part of their daily responsibilities included supervising a classroom of HIA clients with disabilities that required individual attention.  *See id.* at 7 ¶ 11.  Over the course of their employment, Plaintiff alleges that they raised multiple concerns to their supervisor, Kristin Fitzgerald,[3] stemming from issues involving staffing levels and safety.  *See id.* at 7-8 ¶¶ 10, 12.  For example, Plaintiff alleges that one male client exhibited sexually inappropriate behavior and became aggressive with Plaintiff.  *See id.* at 8 ¶¶ 13-14.  Plaintiff filed multiple reports about this client and "regularly" informed

---

[1]    These facts are taken from Plaintiff's Amended Complaint, and documents filed in support of the Motion in which Plaintiff relied upon when bringing the suit. *See* ECF Nos. 4, 25-2 (determination and order by the New York State Division of Human Rights ("NYSDHR") on Plaintiff's complaint dated March 5, 2024). *See Figuereo v. Int'l Bhd. of Teamsters*, No. 1:25-CV-00391 (NRM) (JRC), 2025 WL 3537619, at *1 (E.D.N.Y. Dec. 10, 2025) ("On a Rule 12(b)(6) motion, the Court may consider only the complaint, documents attached to the complaint or those incorporated by reference, matters of which judicial notice may be taken, and documents relied upon by plaintiff in bringing the suit or which are otherwise "integral" to the complaint.") (citation omitted). The facts of the complaint are assumed to be true for the purposes of this Motion. *See Madison Fund, Inc. v. Charter Co.,* 406 F. Supp. 749, 750 (S.D.N.Y. 1975) ("For the purpose of determining a motion to dismiss, the factual allegations contained in the complaint must be accepted as true.") (quoting *Cruz v. Beto*, 405 U.S. 319, 322 (1972)).

[2]    In the Amended Complaint, Plaintiff self-identifies as nonbinary.  *See* ECF No. 4 at 7 ¶ 1. Plaintiff is thus referred to using "they/them" pronouns in this decision.

[3]    Ms. Fitzgerald was originally named in the Complaint (ECF No. 1) as a Defendant but was terminated as a Defendant in the Amended Complaint (ECF No. 4).  Plaintiff alleges only that Ms. Fitzgerald was their supervisor and does not name the Individual Defendants as their direct or indirect supervisors.  *See* ECF No. 4.  Plaintiff also only alleges that they were employed directly by HIA and does not allege that they were an employee of Kinexion.  *See id.*

HIA management of their discomfort of working with this client while these behaviors occurred, but claims that their concerns went "unheeded" because of their gender identity. *See id.* at 8 ¶¶ 17-19; *see also id.* at 22 ¶ 38. Meanwhile, Plaintiff claims that female staff at HIA were also uncomfortable working with this client and were therefore not assigned to work with him. *See id.* at 8 ¶¶ 15-16.

On or about June 14, 2021, an incident occurred in Plaintiff's classroom in which one of Plaintiff's other clients began choking. *See id.* at 8 ¶ 20. The paramedics were called, and that client was removed from the classroom. *See id.* at 9 ¶ 21. During this incident, the client who allegedly exhibited inappropriate behavior on prior occasions began masturbating in front of the paramedics, Plaintiff, and Ms. Fitzgerald. *See id.* at 9 ¶ 20. Plaintiff again complained to Ms. Fitzgerald about the client's inappropriate behavior, but Ms. Fitzgerald allegedly declined to report the incident. *See id.* at 9 ¶ 25. HIA then placed Plaintiff on administrative leave pending an investigation of the choking incident by the New York State Justice Center for the Protection of People with Special Needs. *See id.* at 9 ¶¶ 26-27. On or around July 17, 2021, HIA terminated Plaintiff's employment. *See id.* at 9 ¶ 28.

On April 19, 2023 (641 days after the termination of their employment), Plaintiff filed an administrative complaint with the NYSDHR against HIA, which was to be cross-filed with the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging discrimination based on sex and gender identity. *See id.* at Attachment 1 (per NYSDHR, "[y]our filing date is 4/19/2023"). The NYSDHR dismissed Plaintiff's complaint on March 5, 2024, finding that (1) the "claims are mostly time-barred due to the last act of discrimination having had occurred before April 19, 2022" and (2) there was "no evidence respondent's actions were a result of discriminatory animus." *See* ECF No. 25-2. On September 4, 2024, the EEOC issued a Notice

3

of Right to Sue and dismissal of Plaintiff's complaint based on the findings of the NYSDHR. *See* ECF No. 4 at Attachment 2.

### B.  Procedural Background

Plaintiff filed this action *pro se* against Defendants on December 2, 2024.  *See* ECF No. 1.  Plaintiff then filed an Amended Complaint on March 4, 2025.  *See* ECF No. 4.  Defendants filed the Motion on July 22, 2025.  *See* ECF No. 25.  All parties consented to the jurisdiction of the undersigned for all purposes on October 24, 2025.  *See* ECF Nos. 32, 34.

## II.  LEGAL STANDARD

Defendants move to dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).  *See* Mot. at 1.  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Dawkins v. Schott NYC Corp.*, No. 22-CV-3617, 2023 WL 6283285, at *2 (E.D.N.Y. Sept. 26, 2023) (quoting *Iqbal,* 556 U.S. at 678).  In resolving a motion to dismiss, "[t]he court accepts as true all well-pleaded factual allegations in the complaint, [and] draws all reasonable inferences in favor of the nonmoving party."  *Gamm v. Sanderson Farms, Inc.*, 944 F.3d 455, 462 (2d Cir. 2019) (internal quotations and citations omitted).  In deciding the Motion, the court may consider documents upon which the Plaintiff relied when drafting the complaint, such as "documents attached to the complaint as an exhibit or incorporated in it by reference, . . . matters of which judicial notice may be taken, or . . . documents either in Plaintiff['s] possession or of which Plaintiff[ ] had knowledge and relied on in bringing

suit." *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir. 2002) (quoting *Brass v. Am. Film Techs. Inc.,* 987, F.2d 142, 150 (2d Cir.1993)).

Plaintiff is proceeding *pro se* in this case, which means that for purposes of the Motion, the complaint must be "liberally construed" in favor of the plaintiff and held to "'less stringent standards than formal pleadings drafted by lawyers'." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Ferran v. Town of Nassau*, 11 F.3d 21, 22 (2d Cir. 1993). The Court recognizes that it must "make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). However, *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Id.* (internal quotation omitted).

## III.    DISCUSSION

### A.    Plaintiff's Title VII Claims Must Be Dismissed with Prejudice

#### 1.    The Claims are Untimely

Before an aggrieved party can assert a Title VII claim in federal court, they are required to exhaust the administrative remedies provided by the statute. *See Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 384 (2d Cir. 2015). Title VII claims are subject to time requirements, as set forth in 42 U.S.C. § 2000e–5(e)(1). In New York, an individual must file a charge of discrimination within 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e–5(e)(1); *see Lukasiewicz–Kruk v. Greenpoint YMCA,* No. 07–CV–2096, 2009 WL 3614826, at *6 (E.D.N.Y. Oct. 30, 2009) (dismissing Title VII claims as time-barred to the extent they relied on events outside 300-day window). If a plaintiff can satisfy that first timing threshold, they must then file an action in federal court within 90 days of receiving a right-to-sue letter from the agency. *See* 42 U.S.C. § 2000e-5(f)(1).

The timeline in this case makes clear that Plaintiff was well outside the required 300-day window when filing their cross-filed EEOC complaint on April 19, 2023.  Plaintiff argues that the alleged discrimination took place from "March 17, 2020 through to [sic] termination on or about July 17, 2021."  ECF No. 4 at 4.  In their Opposition, Plaintiff writes that their claims "culminated in their termination on July 17, 2021."  ECF No. 26 at 3.  Plaintiff also refers to their termination as "a discrete act of alleged discrimination and retaliation."  *Id.*  Thus, any alleged discriminatory or harassing conduct must have occurred on or before July 17, 2021 to be properly considered under Title VII, and any charge of discrimination must have been filed with the NYSDHR or EEOC 300 days after such date – that is, by May 13, 2022.

Plaintiff alleges that, per their best recollection, they "filed a charge with the Equal Employment Opportunity Commission or [their] Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on 04/19/2023." ECF No. 4 at 6. The NYSDHR confirmed in a letter to Plaintiff that the NYSDHR had received their filing and "[y]our filing date is 4/19/2023."  ECF No. 4 at Attachment 1.  The NYSDHR also advised that "[a] copy of your complaint, and the determination, will be sent to the U.S. Equal Employment Opportunity Commission (EEOC), so that your complaint may be dual-filed under applicable federal law."  *See id.*  This filing on April 19, 2023 is well outside the 300-day limitations period contemplated by Title VII – specially, 341 days late (as the deadline was May 13, 2022).

In their Opposition, Plaintiff purports to rely on the continuing violation doctrine (*see* ECF No. 26 at 3), which provides a possible exception to the 300-day limitations period, if a "plaintiff files an EEOC charge that is timely as to any incident of discrimination in furtherance of an ongoing policy of discrimination, all claims of acts of discrimination under that policy will be timely even if they would be untimely standing alone."  *Chin v. Port Auth. of N.Y. & N.J.,* 685

F.3d 135, 155–56 (2d Cir. 2012) (alteration and quotation omitted); *see also Cornwell v. Robinson,* 23 F.3d 694, 704 (2d Cir. 1994) (holding that a continuing violation may be found where there is "specific ongoing discriminatory policies or practices, or where specific and related instances of discrimination are permitted by the employer to continue unremedied for so long as to amount to a discriminatory policy or practice.").  However, the doctrine is "heavily disfavored" in the Second Circuit.  *Farrell v. Smithtown Union Free Sch. Dist.*, No. CV200450JMAAYS, 2022 WL 687124, at *6 (E.D.N.Y. Jan. 12, 2022), *report and recommendation adopted*, No. 20CV0450JMAAYS, 2022 WL 420435 (E.D.N.Y. Feb. 11, 2022) quoting *Kubicek v. Westchester County*, No. 08-CV-372, 2009 WL 3720155, at *6 (S.D.N.Y. Oct. 8. 2009) (quotation omitted); *see Baez v. New York City Dep't of Educ.*, No. 24-CV-06597 (HG), 2026 WL 44883, at *5 (E.D.N.Y. Jan. 7, 2026) (same); *see also Silva-Markus v. New York City Dep't of Educ.*, No. 19 CIV. 4335 (PGG), 2020 WL 5819555, at *5 (S.D.N.Y. Sept. 30, 2020) (finding the continuous violation doctrine inapplicable where each discriminatory act was a discrete act to which the continuing violation doctrine did not apply).

Regardless, this argument is unavailing.  Plaintiff concedes that following their termination of employment on July 17, 2021, Defendants ceased any discriminatory conduct against them as a former employee.  *See* ECF No. 4 at 4 ("It is my best recollection that the alleged discriminatory acts occurred on date(s) ongoing throughout employment from March 17, 2020 through [sic] termination on or about July 17, 2021.").  Therefore, even if not heavily disfavored, the continuing violation doctrine cannot save Plaintiff's claim.  *See Pietri v. N.Y.S. Off. of Ct. Admin.*, 936 F. Supp. 2d 120, 135 (E.D.N.Y. 2013) (holding that the continuous violation exception did not apply to plaintiff's Title VII claims where each alleged discriminatory incident did not occur within the 300-day period); *Mitchell v. N.Y. Blood Ctr.*, No. 94 CV 5165

(NG), 1998 WL 846828, at *3 (E.D.N.Y. Oct. 1, 1998), *aff'd*, 225 F.3d 646 (2d Cir. 2000) (finding no continuous violation of discriminatory conduct occurred to plaintiff that would bring plaintiff's claim within the applicable 300-day filing window).

"Title VII's time limits for filing with the EEOC are not jurisdictional, but, like statutes of limitations, are subject to 'waiver, estoppel, and equitable tolling.'" *Baroor v. N.Y.C. Dep't of Educ.*, 362 Fed. Appx. 157, 159 (2d Cir. 2010). The doctrine of equitable tolling "may be applied to prevent unusually harsh results from dismissals when there are excusable reasons for a plaintiff's failure to meet the required time limitation*." Como v. O'Neill*, No. 02 Civ. 0985, 2002 WL 31729509, at *4 (S.D.N.Y. Dec. 4, 2002). "As a general matter, a litigant seeking equitable tolling must establish two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Bolarinwa v. Williams*, 593 F.3d 226, 231 (2d Cir. 2010) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)). Equitable tolling is "only appropriate in rare and exceptional circumstances, in which a party is prevented in some extraordinary way from exercising his rights." *Baroor*, 362 Fed. Appx. at 159 (quoting *Zerilli–Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003). *Pro se* filings, although held to more lenient standards, are not excused from establishing these elements. *See Valverde v. Stinson*, 593 F.3d 226, 133–34 (2d Cir. 2000) (discussing whether *pro se* petitioner's allegations were sufficient to establish basis for equitable tolling).

Here, however, Plaintiff provides no explanation, or even acknowledgement, that they filed their administrative complaint with the EEOC clearly outside of the required 300-day window. *See* ECF No. 26 at 3. There are no allegations that Plaintiff pursued their rights diligently during this extended window, nor that there were extraordinary circumstances[4] that

---

[4]     There are no extraordinary circumstances present here that would warrant equitable tolling. *Cf. Walker v. Linklaters LLP*, 948 F. Supp. 2d 396, 400 (S.D.N.Y. 2013) (finding extraordinary

stood in Plaintiff's way to prevent them from a timely filing. *See generally* ECF Nos. 4, 26; *see Baroor*, 362 F. App'x at 159 (in which the Second Circuit affirmed the district court's decision not to equitably toll the 300-day EEOC filing deadline because it found that plaintiff had failed to act with reasonable diligence throughout the time period she sought to have tolled); *Aponte v. N.Y. Dep't of Corr. Facility*, No. 01-CV-3599 (RR), 2001 WL 1328472, at *1 (E.D.N.Y. Sept. 5, 2001) (dismissing plaintiff's complaint as time-barred where plaintiff failed to raise any facts to warrant tolling or otherwise extending the filing period). As a result, the Court will not equitably toll the 300-day EEOC filing deadline. Plaintiff's Title VII claim is therefore time-barred and must be dismissed. *See Wechsler v. HSBC Bank USA, N.A*, No. 15-CV-5907 (JMF), 2016 WL 1688012, at *4 (S.D.N.Y. Apr. 26, 2016), *aff'd sub nom. Wechsler v. HSBC Bank USA, N.A*., 674 F. App'x 73 (2d Cir. 2017) (finding that if it is clear from the face of the complaint that plaintiff's claim is time-barred, a pre-answer motion to dismiss on statute of limitations grounds may be granted).

    2.  <u>The Court Declines to Address Defendants' Remaining Arguments on the Title VII Claim</u>

In their Motion, Defendants contend the Title VII claim should be dismissed not only for timeliness issues, but also regarding (1) whether the Individual Defendants or Kinexion would be considered employers of Plaintiff under Title VII (*see* ECF No. 25-5 at 8); (2) whether Plaintiff exhausted the required administrative remedies under Title VII against the Individual Defendants

---

circumstances existed that warranted tolling the 300-day EEOC filing deadline where it was unclear from the record when plaintiff was informed of his termination and finding that plaintiff practiced diligence during his extended filing window through frequent communication with the EEOC); *see also Nunez v. Brookhaven Sci. Assocs., LLC*, No. CV 23-272 (GRB)(AYS), 2024 WL 168317, at *3 (E.D.N.Y. Jan. 16, 2024) (finding that equitable tolling of the 300-day EEOC filing deadline was warranted where the allegations suggested that plaintiff was actively pursuing his rights at the earliest opportunity but was erroneously guided by the government).

and Kinexion (*see id.* at 10); and (3) whether the Individual Defendants can be held personally liable under Title VII.  *See id*. at 8.

Because Plaintiff's Title VII claim is time-barred, the Court declines to assess these additional arguments in Defendants' Motion.  *See Jackson v. Hanson*, No. 12 CIV. 654 DAB, 2014 WL 787820, at *14 (S.D.N.Y. Feb. 25, 2014) (adopting the findings of a report and recommendation in which the court declined to assess the potential merits of any of defendants' other arguments "given that Plaintiff's Title VII claim is time-barred under the applicable law."); *see also Balk v. New York Inst. of Tech*., No. CV 11-509 JFB AKT, 2014 WL 1236562, at *13 n. 4 (E.D.N.Y. Mar. 24, 2014) (declining to address whether individuals can be subject to liability under Title VII based on a theory of alter ego after the court found the Title VII claim to be time-barred).

### B. The Court Declines to Exercise Supplemental Jurisdiction over Plaintiff's NYSHRL Claims

Plaintiff also alleges violations of the NYSHRL.  Because Plaintiff's claim under Title VII has been dismissed, the Court must decide whether to retain jurisdiction over the remaining NYSHRL claim. Federal district courts have supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

Once a district court's discretion over supplemental jurisdiction is triggered under 28 U.S.C. § 1367(c)(3), it balances the traditional "values of judicial economy, convenience, fairness, and comity."  *Hu v. City of New York*, No. 22-183, 2023 WL 3563039, at *3 (2d Cir. May 19, 2023) (quoting *Klein & Co. Futures, Inc. v. Bd. of Trade of City of New York*, 464 F.3d 255, 262 (2d Cir. 2006) (citation omitted). However, and of particular relevance here, a district

court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).

Because the federal Title VII claim is being dismissed, the Court declines to exercise jurisdiction to exercise as to the remaining state law claim.  *See Walker v. City of New York*, 367 F. Supp. 3d 39, 65–66 (S.D.N.Y. 2019) ("[t]he Court has discretion to decline to exercise supplemental jurisdiction over state-law claims that remain once all federal law claims have been dismissed.") (citing *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 121–22 (2d Cir. 2006)); *Booker v. Suffolk Cnty. Dep't of Corr.*, No. 23-CV-7732, 2023 WL 7663288, at *5 (E.D.N.Y. Nov. 15, 2023) ("In the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.") (citation omitted).  Moreover, the Amended Complaint does not assert any independent basis for jurisdiction over the NYSHRL claim, such as diversity jurisdiction under 28 U.S.C. § 1332(a), so that the Court would have jurisdiction over the claim even should it survive.  *See* ECF No. 4 at 1-2; *see Haczynska v. Mount Sinai Health Sys., Inc.*, 738 F. Supp. 3d 300, 324 (E.D.N.Y. 2024) (declining to exercise supplemental jurisdiction over NYSHRL claim after dismissing plaintiff's Title VII claim).

### C.  The Court Declines Granting Plaintiff Leave to Amend the Amended Complaint

In their Opposition, Plaintiff requests leave to amend the Amended Complaint to clarify their factual allegations, remove Kinexion as a defendant, and provide additional details about the adverse actions taken by Defendants. *See* ECF No. 26 at 4. "[I]t is within the sound discretion of the district court to grant or deny leave to amend."  *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019) (quoting *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018)). Rule 15 of the Federal Rules of Civil Procedure provides that "[l]eave to amend should be 'freely

give[n] . . . when justice so requires,' but 'should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party.'" *United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 28 (2d Cir. 2016) (second alteration in original) (first quoting FED. R. CIV. P. 15(a)(2); and then quoting *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008).  In the case of a *pro se* complaint, a court must construe the complaint liberally, and should not dismiss it without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Peterec-Tolino v. New York*, 364 F. App'x 708, 710 (2d Cir. 2010) (summary order) (internal citation omitted) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). However, if there is no indication a valid claim may be stated even after amendment, the Court may decline leave to amend.  *Jang v. Trs. of St. Johnsbury Acad.*, 771 F. App'x 86, 88 (2d Cir. 2019) ("Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.") (quoting *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012)). Moreover, "[i]f the problems with a claim are 'substantive' rather than the result of an 'inadequately or inartfully pleaded' complaint, an opportunity to replead would be 'futile' and 'should be denied.'" *Jordan v. Chase Manhattan Bank*, 91 F. Supp. 3d 491, 510 (S.D.N.Y. 2015) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000))

First, the Court finds that amendment of the Title VII claims would be futile. "No amount of amendment can cure the missed filing deadline, which is fatal to Plaintiff's Title VII claims against Defendant. . . . [and] amendment to the Title VII claims would be futile." *Bernard v. Smart Transportation Div.,* No. 2:23-CV-10235-SB (DTB), 2024 WL 2191020, at *6 (C.D. Cal.

Apr. 25, 2024), *report and recommendation adopted*, No. 2:23-CV-10235-SB (DTB), 2024 WL 2190985 (C.D. Cal. May 15, 2024); *see also In re Bulk Oil (USA) Inc.*, No. 89-B-13380, 2007 WL 1121739, at *5 (S.D.N.Y. Apr. 11, 2007) (denying leave to amend as statute of limitations had run for claims, and therefore amendment would be futile.).  Here, even considering the flexibility *pro se* Plaintiff would have in amending, there is simply no new factual information Plaintiff could assert that would render their Title VII claim timely.

Second, because the Court is dismissing the Title VII claim, it no longer possesses federal jurisdiction over the case pursuant to 28 U.S. Code § 1331. Without federal jurisdiction over the Title VII claim, the Court is under no requirement to preside over Plaintiff's state law claims. Amendment of the NYSHRL claim would thus be futile, because lack of subject matter jurisdiction is a "substantive deficiency" that cannot be cured through amendment. *See Logan v. Town of Windsor*, 833 F. App'x 919, 920 (2d Cir. 2021) (citing *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002)); *see also Haczynska*, 738 F. Supp. 3d at 325 (declining leave to amend state law claims where the court lacked subject matter jurisdiction).  The Court therefore denies Plaintiff the ability to amend their NYSHRL claim.

IV.    **CONCLUSION**

For the foregoing reasons, the undersigned holds that Plaintiff's Title VII claim be dismissed with prejudice, Plaintiff's NYSHRL claim be dismissed without prejudice, and Plaintiff be denied leave to amend the Amended Complaint.

**SO ORDERED**:

Dated: Central Islip, New York
      January 30, 2026

*/s/ Lee G. Dunst*
_____
**LEE G. DUNST**
United States Magistrate Judge